IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUL 18 A 11: 13
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>BETH HUDGENS,<br><br>Defendant. | Civil Action No.: 2:06cv0632-WKW DRB |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

COME NOW the Plaintiffs and File this Complaint for Copyright Infringement and would show unto the Court the following:

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101, et seq.).

2.      This Court has jurisdiction under 17 U.S.C. § 101, et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

1

3.  This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District.

## PARTIES

4.  Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

5.  Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6.  Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7.  Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

8.  Plaintiffs are informed and believe that Defendant is an individual residing in this District.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

9. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

10. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings"). The Copyrighted Recordings include but are not limited to each of the copyrighted sound recordings identified in Exhibit A attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. In addition to the sound recordings listed on Exhibit A, Copyrighted Recordings also include certain of the sound recordings listed on Exhibit B which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels, and which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

11. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

12. Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public,

and/or to make the Copyrighted Recordings available for distribution to others.  In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution.  Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

13.     Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A.  These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.  These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant.

14.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

15.     As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings.  Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

16.     The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from

further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

  WHEREFORE, Plaintiffs pray for judgment against each Defendant as follows:

  1.  For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

  2.  For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

  3.  For Plaintiffs' costs in this action.

  4.  For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 18, 2006

*Kelly J. Pate*
Dorman Walker  (Bar # WAL086)
Kelly F. Pate (Bar # FIT014))
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
P.O. Box 78 (36101)
Montgomery, Alabama 36104
Telephone: (334) 834-6500
Fax: (334) 269-3115

ATTORNEYS FOR PLAINTIFFS